UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

|                                              |   |                      |
|----------------------------------------------|---|----------------------|
|                                              | : | CIVIL NO. 09-2180    |
| LYDIA AND TROY LYNNE KENNEDY                 | : |                      |
|                                              | : | JUDGE FALLON         |
| VERSUS                                       | : |                      |
|                                              | : |                      |
| STATE FARM FIRE AND CASUALTY COMPANY         | : | MAG. JUDGE CHASEZ    |
| .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. | : |  |

## ORDER & REASONS

Before the Court is Defendant State Farm Fire and Casualty Company's ("State Farm")

Motion to Dismiss (Rec. Doc. 15). For the following reasons, the motion is GRANTED.

## I.   BACKGROUND

This case arises out of a dispute over flood damage caused by Hurricane Katrina. The

Plaintiffs allege that they have not been properly compensated for the damage sustained to their

property. Their property, located at 835 Lawrence Street, Gretna Louisiana, was insured by

State Farm against flood damage with $107,500 in dwelling coverage and $21,200 in contents

coverage. State Farm was acting as the insurer through the U.S. Government's National Flood

Insurance Program as a Write-Your-Own carrier.

Following the flood caused by Hurricane Katrina, the Plaintiffs notified State Farm of

their loss. In response, State Farm sent an adjustor to the Plaintiffs' property to assess the

damages. As a result of this assessment, State Farm paid the Plaintiffs $75,302.88 for dwelling

damage and paid the limits on the contents coverage at $21,200. On August 29, 2007, the

Plaintiffs joined a mass action suit in *Acevedo v. AAA, et al.*, Case No. 07-5208, alleging that

State Farm failed to pay for all of the wind and flood damages sustained from Hurricane Katrina.

This mass action ended pursuant to a severance order issued by the U.S. District Court for the

Eastern District of Louisiana.  Subsequently, Plaintiffs amended their complaint and alleged that

State Farm erroneously assessed the damage to their property and hence failed to fully

compensate them.  Prior to pursuing their claim, the Plaintiffs did not submit a timely signed and

sworn Proof of Loss to State Farm.  In addition, Plaintiffs have yet to submit any type of

documentation in support of their claim for federal benefits.

## II.     APPLICABLE LAW

Summary judgment will be granted only if the pleadings, depositions, answers to

interrogatories, and admissions, together with affidavits show that there is no genuine issue as to

any material fact and that the moving party is entitled to a judgment as a matter of law.  Fed R.

Civ P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265

(1986); *Brown v. City of Houston, Tex.*, 337 F.3d 539, 540-41 (5th Cir.2003).  A material fact is

a fact which, under applicable law, may alter the outcome of the suit.  *Anderson v. Liberty*

*Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Ameristar Jet Charter,*

*Inc. v. Signal Composites, Inc.*, 271 F.3d 624, 626 (5th Cir.2001).  A dispute is genuine when a

reasonable finder of fact could resolve the issue in favor of either party, based on the evidence

before it.  *Anderson*, 477 U.S. at 250; *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754,

759 (5th Cir.2002).  "The moving party bears the burden of demonstrating that there exists no

genuine issues of material fact."  *In re Vioxx Prods. Liab. Litig* ., 501 F.Supp.2d 776, 781

(E.D.La.2007).  When considering a motion for summary judgment, the Court must "review the

facts drawing all inferences most favorable to the party opposing the motion."  *Gen. Universal*

*Sys., Inc. v. Lee*, 379 F.3d 131, 137 (5th Cir.2004).  If the party moving for summary judgment

demonstrates the absence of a genuine issue of material fact "the nonmovant must go beyond the

pleadings and designate specific facts showing that there is a genuine issue for trial."  *Willis v.*

*Roche Biomedical Labs., Inc.*, 61 F.3d 313, 315 (5th Cir.1995).

Furthermore, the mere argued existence of a factual dispute does not defeat an otherwise properly supported motion. *See Anderson*, 477 U.S. at 248. Therefore, "[i]f the evidence is merely colorable, or is not significantly probative," summary judgment is appropriate. *Id.* at 249-50 (citations omitted). Summary judgment is also proper if the party opposing the motion fails to establish an essential element of his case on which they bear the burden of proof. *Patrick v. Ridge*, 394 F.3d 311, 315 (5th Cir.2004). A non-movant's conclusory allegations or bare assertions unsupported by facts are insufficient to defeat a motion for summary judgment. *Anderson*, 477 U.S. at 247-48.

The National Flood Insurance Program ("NFIP") was created by Congress to provide coverage at or below actuarial rates because private insurance companies could not economically underwrite these policies. *See Gowland v. Aetna*, 143 F.3d 951, 953 (5th Cir.1998). The program is operated by the Federal Emergency Management Agency ("FEMA") and underwritten by the U.S. Treasury. *See id.* All flood loss claims presented under the NFIP are paid directly with U.S. Treasury funds. *See id.*

Here, the Defendant State Farm is a Write-Your-Own carrier. Under the NFIP, flood loss policies can be issued directly by FEMA or through private insurers, such as the Defendant in the instant matter. *See id.* The National Flood Insurance Act ("NIFA") provides that private insurers who issue these policies are fiscal agents of the United States. 42 U.S .C. § 4071. However, the private insurers such as State Farm do not have authority to establish the terms and conditions of the NFIP policies. *See* 44 C.F.R. § 61.4(b). Rather, FEMA sets the terms and conditions, and the policies must be issued in the form of the Standard Flood Insurance Policies ("SFIP"). *Id.* The provisions of the SFIP may not be altered, varied, or waived absent the

express written consent of the Federal Insurance Administrator.  44 C.F.R. § 61.13(d).

The provisions of an insurance policy issued pursuant to a federal program must be strictly construed and enforced. *Gowland*, 143 F.3d at 954; *Forman v. FEMA*, 138 F.3d 543, 545 (5th Cir.1998).  Failure to so construe such provisions runs afoul of the Appropriations Clause of the United States Constitution. *Gowland*, 143 F.3d at 955. The SFIP issued to Plaintiffs, as with all SFIPs, requires the insured to file a signed and sworn proof of loss within 60 days after the alleged loss or "within any extension authorized by FEMA."  *Forman*, 138 F.3d at 545; *see* 44 C.F.R. § 61, App. A(1), Art. VII(D), (J)(4).  In the present matter, after Hurricane Katrina, the acting Federal Insurance Administrator expressly waived the 60-day deadline in favor of a deadline one year from the date of loss.

## III.    PRESENT MOTION

In support of its Motion for Summary Judgment, State Farm argues that because the Plaintiffs have failed to submit a timely sworn and signed Proof of Loss, they are barred from bringing their claim.  The law in the Fifth Circuit is clear that a failure to provide such Proof of Loss is fatal to an insured's claims. *See Marseilles Homeowners Condo. Ass'n, Inc. v. Fidelity Nat. Ins. Co.*, 542 F.3d 1053 (5th Cir. 2008); *see also Gowland v. Aetna*, 143 F.3d 951, 954 (5th Cir.1998) ("As the provisions of an insurance policy issued pursuant to a federal program must be strictly construed and enforced, we hold that an insured's failure to provide a complete, sworn proof of loss statement, as required by the flood insurance policy, relieves the federal insurer's obligation to pay what otherwise might be a valid claim."); *Simmons v. NFIP*, 2009 WL 3447381 (E.D. La. Oct. 22, 2009); *Bergeron v. American Nat. Prop. & Cas. Co.*, 2009 WL 1969247 (E.D. La. July 8, 2009); *Owens v. Fidelity Nat. Ins.*, 2009 WL 483806 (E.D. La. Feb. 20, 2009); *King v. State Farm Ins.*, 2008 WL 4544364 (E.D. La. Oct. 7, 2008); *Henly v. Allstate Ins. Co.*, 2008

WL 89970, at *2 (E.D. La. Jan.8, 2008); *Guillot v. Allstate Ins. Co.*, 2008 WL 45359, at *2 (E.D. La. Jan.2, 2008); *LeBlanc v. State Farm Ins*. Co., 2008 WL 1990817 (E.D. La. May 5, 2008).

Plaintiffs do not challenge State Farm's claims that (1) they have failed to submit timely Proof of Loss or (2) that State Farm has not waived the requirement to submit timely Proof of Loss. Rather, Plaintiffs challenge State Farm's Motion on the following grounds. First, Plaintiffs claim that summary judgment is not appropriate because although State Farm has not yet sought or received a waiver from FEMA on Plaintiffs' behalf, State Farm is not foreclosed from doing so. Second, Plaintiffs claim that granting State Farm's Motion would result in a violation of their Due Process and Equal Protection rights. Third, Plaintiffs contend that the NIFA is not always construed in a strict manner and thus does not bar their claims.

Plaintiffs' first argument regarding waiver has recently been rejected by this Court. *See Graham v. State Farm Fire & Cas. Co*, 2009 WL 4020752 (E.D. La. Sept. 23, 2009)*; see also Simmons,* 2009 WL 344738. For example, the court in *Graham*, 2009 WL 4020752 at *3, when presented with an argument identical to that of the Plaintiffs here, the court stated as follows:

> While [the insured] concedes that a proof of loss was not filed, she argues that an issue of material fact remains because State Farm might still seek a waiver from FEMA on the proof of loss requirement. This argument ignores the clearly established rule that the courts must strictly construe the requirements of the SFIP. A sworn proof of loss is a 'condition precedent' to bringing litigation. *Marseilles*, 542 F.3d at 1055. Additionally, the insured does not have the power to waive the mandatory proof of loss requirement. *Gowland*, 143 F.3d at 954. SFIP requirements can only be waived with 'the express written consent of the Federal Insurance Administrator.'

Additionally, Plaintiffs' second argument regarding violation of Due Process and Equal Protection rights lacks support under recent jurisprudence. *See Wienjtes*, 339 Fed.Appx. 483, 485 (5th Cir. 2009); *see also Simmons,* 2009 WL 344738. In rejecting plaintiffs' arguments that the application of the timely Proof of Loss requirements violates constitutional rights to equal

protection and due process, the Fifth Circuit in *Wientjes,* 339 Fed.Appx. at 483, concluded these arguments lack support under the law and noted that district courts have held that these requirements do not violate constitutional rights.

Finally, the Plaintiffs' argument that the NIFA is not always construed in a strict manner also fails under recent jurisprudence. *See Eckstein v. Fidelity Nat. Prop. & Cas. Ins.,* 2009 WL 1870558, *5 (E.D. La. June 29, 2009)(citing *Gowland v. Aetna*, 143 F.3d 951, 954 (5th Cir. 1998). In *Eckstein* the court stated "[a]s the provisions of an insurance policy issued pursuant to a federal program must be strictly construed and enforced, an insured's failure to provide a complete, sworn proof of loss statement, as required by the flood insurance policy, relieves the federal insurer's obligation to pay what otherwise might be a valid claim." *Id.*

## IV. CONCLUSION

For the foregoing reasons, IT IS ORDERED that the Defendant's Motion for Summary Judgment is GRANTED.

New Orleans, Louisiana, this 18th day of February 2010.

ELDON E. FALLON
UNITED STATES DISTRICT JUDGE